UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY KENNER** | * | |
| *Plaintiff* | * | |
| | * | District Judge: _____ |
| **VERSUS** | * | |
| | * | |
| **WINN-DIXIE MONTGOMERY, LLC** | * | |
| *Defendant* | * | Magistrate Judge: _____ |
| | * | |

* * * * * * * * * * * * * * * * * * *

# Notice of Removal

Winn-Dixie Montgomery, LLC, ("Defendant"), through undersigned counsel, files this Notice of Removal under 28 U.S.C. § 1441 and 28 U.S.C. 1446.

## Background

1. Mary Kenner ("Plaintiff") named Winn-Dixie Montgomery, LLC as a Defendant in the case titled *Mary Kenner v. Winn-Dixie Montgomery, LLC*, which matter is pending in Civil District Court for the Parish of Orleans, State of Louisiana, Division C-10, and bearing Docket Number 2022-6960. Plaintiff's action commenced on August 4, 2022,[1] and Winn-Dixie Montgomery, LLC was served via Corporation Service Company on August 23, 2022.[2]

## Venue

2. Venue is proper in the United States District Court for the Eastern District of Louisiana because this Court embraces Civil District Court for the Parish of Orleans, the state court where Plaintiff filed her original Petition for Damages.

---

[1] Exhibit 1—Petition for Damages.
[2] Exhibit 2—Proof of Service.

## Diversity of Citizenship

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a) over this case because Plaintiff's action is between the citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### Complete Diversity

4. Plaintiff, Mary Kenner, alleged that she is "domiciled the Orleans Parish."[3] Upon information and belief, at the commencement of Plaintiff's action, Plaintiff was—and remains—domiciled in Orleans Parish, Louisiana.

5. Plaintiff alleged that Defendant, Winn-Dixie Montgomery, LLC is "a foreign limited liability company."[4]

6. Winn-Dixie Montgomery, LLC is a Florida limited liability company, the sole member of which is Winn-Dixie Stores, Inc., a foreign corporation organized under Florida law and which maintains its principal place of business in Jacksonville, Florida.

7. Diversity of citizenship is complete because Plaintiff is domiciled in Louisiana, and Defendant is domiciled in Florida.

### Amount in Controversy

8. The amount in controversy between Plaintiff and Defendant exceeds $75,000.00 exclusive of interest and costs.

9. Plaintiff alleged that she "was struck in the head by a panel/sign that fell from the ceiling." at Winn-Dixie Store No. 1439 located at 9701 Chef Menteur Highway, New Orleans, Louisiana, 70127 on or about September 4, 2021.[5]

10. Plaintiff alleged that she sustained "suffered and continues to suffer from multiple

---

[3] Exhibit 1—Petition for Damages, p. 1, ¶ I(1).
[4] Exhibit 1—Petition for Damages, p. 1, ¶ II(1).
[5] Exhibit 1—Petition for Damages, p. 1, ¶ IV..

injuries of past, present and continuing nature," and that Plaintiff "has undergone medical treatement and continues to treat for her injuries."[6] Therefore, Plaintiff alleged that she has now been treating for over a year.

11. Plaintiff alleged entitlement to the following categories of damages:

    a. Past, present, and future physical pain and suffering;

    b. Past, present and future mental anguish, aggravation, annoyance, and inconvenience;

    c. Scarring on her face;

    d. Past, present, and future disability (bodily and mental);

    e. Past, present, and future medical expenses;

    f. Past, present, and future lost wages;

    g. Loss of enjoyment of life;

    h. Loss use/function of body parts;

    i. Past, present, and future emotional damages and psychological suffering; and

    j. Destruction of earning capacity.[7]

12. It is facially apparent from the allegations in Plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, thereby satisfying the jurisdictional amount under 28 U.S.C. § 1332(a).

## Removal is Timely

13. This Notice of Removal is timely filed under 28 U.S.C. §1446(b).

14. Defendant was served via Corporation Service Company on August 23, 2022.[8]

15. Defendant files this Notice of Removal on September 7, 2022, which is within thirty days

---

[6] Exhibit 1—Petition for Damages, p. 2, ¶ V.
[7] Exhibit 1—Petition for Damages, pp. 2-3, ¶ VII(1-10).
[8] Exhibit 2—Proof of Service.

of August 23, 2022.

## Copies of Pleadings Attached

**16.** Copies of all pleadings and process as contained in the state court record are attached.

## Reservation of Rights

**17.** Defendant files this Notice of Removal without waiving any objections, exceptions, or defenses to Plaintiffs' Petition for Damages.

## Conclusion

**18.** Removal is proper under 28 U.S. C. § 1441 and 1446.

**19.** This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**20.** Defendant, through counsel, shall give written notice of this filing to counsel of record for Plaintiff and the Clerk of Court at Civil District Court for Orleans Parish, Louisiana.

Respectfully submitted,

/s/ Matthew F. Morgan
Sidney W. Degan (La. Bar No. 4804)
  sdegan@degan.com
Matthew F. Morgan (La. Bar No. 32966)
  mmorgan@degan.com
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: (504) 529-3333
Facsimile: (504) 529-3337
*Counsel for Defendant,*
*Winn-Dixie Montgomery, LLC*

**Certificate of Service**

The undersigned attorney certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing on September 7, 2022.

/s/ Matthew F. Morgan