ATTORNEY'S NAME: DAunoy, Donald G 31123
AND ADDRESS: 1000 Veterans Blvd 203, Metairie, LA 70005

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2022-06960     DIVISION: C     SECTION: 10

KENNER, MARY

Versus

WINN-DIXIE MONTGOMERY, LLC

## CITATION

TO:     WINN-DIXIE MONTGOMERY, LLC
THROUGH:     ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE, BATON ROUGE, LA 70801

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 5, 2022

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Tyme Jones, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within Petition for Damages ON WINN-DIXIE MONTGOMERY, LLC THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY<br><br>Returned the same day<br>No. _____<br>Deputy Sheriff of _____<br>Mileage: $ _____<br><br>_____ / ENTERED / _____<br>PAPER     RETURN<br>____ / ____ / ____<br>SERIAL NO.     DEPUTY     PARISH | On this _____ day of _____ served a copy of the within Petition for Damages ON WINN-DIXIE MONTGOMERY, LLC THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY<br>by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said WINN-DIXIE MONTGOMERY, LLC being absent from the domicile at time of said service.<br><br>Returned the same day<br>No. _____<br>Deputy Sheriff of _____ |

ID: 10968639     Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

Service Copy

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CASE NO: 2022-6960                                    SECTION: C-10

MARY KENNER

VERSUS

WINN-DIXIE MONTGOMERY, LLC

FILED:_____     _____
                                    DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner, Mary Kenner, who files this Petition for Damages and represents the following:

I.

Made petitioner herein is:

1. Mary Kenner, a person of full age and majority and domiciled in Orleans Parish.

II.

Made defendant herein is:

1. Winn-Dixie Montgomery, LLC, a foreign limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business in East Baton Rouge Parish.

III.

The defendant is responsible and liable jointly, severally, solidarily and/or vicariously to petitioner because of a September 4, 2021 accident in Orleans Parish.

IV.

Petitioner, Mary Kenner, was a business invitee of the Winn Dixie store located at 9701 Chef Menteur Hwy New Orleans LA 70127. The subject store had recently reopened after Hurricane Ida and failed to secure overhead signage and panels. Ms. Kenner was struck in the head by a panel/sign that fell from the ceiling.

1

V.

As a consequence of the accident, petitioner, Mary Kenner, suffered and continues to suffer from multiple injuries of past, present and continuing nature. Petitioner has undergone medical treatment and continues to treat for her injuries.

VI.

The sole and proximate cause of the injuries and damages sustained by petitioner was the joint, concurrent, successive, solidary and/or several negligence of the defendant, Winn-Dixie Montgomery, LLC d/b/a Winn Dixie, and/or the negligence of its agents and employees, which negligence consisted of the following acts and/or omissions:

1. Failure to maintain the ceiling and its ceiling signs and panels in a reasonably safe condition;
2. Failure to safeguard the premises to protect plaintiff as a business invitee against the possibility of loose items falling from the ceiling;
3. Failure to warn business invitees of the possibility of falling objects;
4. Failure to discover and correct dangerous conditions existing on the premises;
5. Failure to inspect the premises for dangerous conditions, foreign substances and/or other unsafe conditions on the premises;
6. Failure to ensure that the store was safe to shop in after Hurricane Ida; and,
7. Other negligence which may be proven at trial of this matter.

VII.

As a result of the accident and negligence described above, petitioner, Mary Kenner, is owed the following damages:

1. Past, present and future physical pain and suffering;
2. Past, present and future mental anguish, aggravation, annoyance and inconvenience;
3. Scarring on her face;
4. Past, present and future disability (bodily and mental);
5. Past, present and future medical expenses;
6. Past, present and future lost wages;

7. Loss of enjoyment of life;

8. Loss use/function of body parts;

9. Past, present and future emotional damages and psychological suffering; and,

10. Destruction of earning capacity.

VIII.

Defendant, Winn-Dixie Montgomery, LLC, is jointly, severally, solidarily and vicariously liable and responsible to petitioner for the acts and/or omissions of negligence and damages caused by its employees during the course and scope of said employees' employment.

IX.

The defendants, Winn-Dixie Montgomery, LLC is jointly, severally, solidarily and vicariously liable and responsible to petitioner for the negligence and damages described above.

X.

Defendant is also vicariously, solidarily, jointly and severally liable to plaintiff under the Doctrine of Strict Liability as expressed in Louisiana Civil Code, particularly Articles 660, 2317 *et seq.*, and 2322. Defendant had garde, custody, control and ownership of the ceiling and its signs and panels at all pertinent times. Defendant owned, operated, controlled and had custody of the signage, panels and ceiling at issue. The fallen ceiling panel/sign in question was an unreasonable premises defect because it was not securely fastened. Defendant knew or, in the exercise of reasonable care, should have known that the damage could have been prevented by the exercise of reasonable care, and defendants failed to exercise such reasonable care.

XI.

Petitioner pleads the doctrine of *res ipsa loquitor* and further pleads that the accident, injuries and damages would not have occurred in absence of the negligence of Winn-Dixie Montgomery, LLC.

3

XII.

Petitioner reserves the right to amend this petition as necessary concerning damages and other pertinent facts necessary for the prosecution of said matter.

XIII.

Pursuant to La. C.C.P. art. 893, petitioners avers that her claims for damages exceed $50,000, the amount requisite for a jury trial, but reserves the right to amend as circumstances may dictate.

WHEREFORE, petitioner prays that defendant be cited and served and that after due proceedings are had there be judgment in favor of petitioner and against defendant jointly, severally, solidarily and vicariously for (1) such sums as are reasonable, (2) judicial interest from the date of judicial demand until paid, (3) all costs of this action, (4) all general and equitable relief, and (5) expert witness fees.

Respectfully submitted:

LAW OFFICE OF DONALD D'AUNOY JR, LLC

_/s/ Donald D'Aunoy Jr._

Donald D'Aunoy Jr. #31123
525 Clay Street
Kenner LA 70062
Phone: 504-508-6414
Fax: 855-898-1627
**Attorney for Petitioner**

PLEASE SERVE:

Winn-Dixie Montgomery, LLC
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70801

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

4